ed. And it might well be held that the legal effect of the last clause of the article in question is the same as if it read, paying on the quantity—sold outside of the Indian Territory—any tax which is now or may be levied by the United States thereon at the time and place and in the manner that is now or may be prescribed by law for like articles manufactured elsewhere in the United States.

The ruling in this case covers the points raised in a number of other cases of the same character—pending in court, and those cases will be disposed of in accordance with the ruling here made.

[The above judgment was affirmed by the supreme court in 11 Wall. (78 U. S.) 616.]

## Case No. 16,529.

### UNITED STATES v. TOLBEE.

[See Case No. 3,393.]

## Case No. 16,530.

### UNITED STATES v. TOLSON.

[1 Cranch, C. C. 269.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

COMPETENCY OF WITNESS—LARCENY—OWNER OF STOLEN GOODS—VENUE OF CRIME.

1. The owner of stolen goods is a competent witness, after releasing to the United States his share of any fine which the court may impose upon the prisoner.

2. If goods be stolen in Maryland, and brought by the thief into this district, he may be convicted and punished here.

[Followed in U. S. v. Hankey, Case No. 15,328. Cited in U. S. v. Mason, Id. 15,738; U. S. v. Mortimer, Id. 15,821.]

[Cited in Worthington v. State, 58 Md. 407.]

The prisoner [Frank Tolson] was indicted, under the act of congress of 1790 (1 Stat. 112), for the punishment of certain crimes, for stealing a watch in the county of Washington. The evidence was that he stole the watch in Maryland, and brought it into this county.

Mr. Caldwell, for the prisoner, contended, that as the offence was committed under another sovereignty, the English cases respecting goods stolen in one county and carried into another county, did not apply; for both counties in England are under the same jurisdiction, and governed by the same laws. But here the jurisdiction and laws are entirely distinct. The offence must be complete, within our jurisdiction, or it is no offence. But the offence was complete in Maryland, and if he should be convicted and punished here, it would be no bar to a conviction there.

THE COURT, however, overruled the objection (KILTY, Chief Judge, absent), and

the prisoner was convicted and punished by fine and whipping. Upon the trial, the owner of the watch having released to the United States his share of any fine which the court might impose, was examined as a witness in chief. See 1 Hawk. P. C. c 33, § 9; 2 Hawk. P. C. 221; 7 Coke, 2 (a); 2 Hale, P. C. 163; 2 Hawk. P. C. 220; Doug. 796; 2 Hawk. P. C. 247, § 47; 1 Hawk. P. C. 136; and the case of Com. v. Cullins, 1 Mass. 116. See U. S. v. Clancey [Case No. 14,800]; U. S. v. Hare [Id. 15,302]; U. S. v. McCan [Id. 15,655]; and U. S. v. Brown [Id. 14,657].

## Case No. 16,531.

### UNITED STATES v. TOM.

[2 Cranch. C. C. 114.] [1]

Circuit Court, District of Columbia. Nov. Term, 1815.

MANSLAUGHTER BY SLAVE—PUNISHMENT.

A slave convicted of manslaughter in Alexandria, D. C., may be punished by burning in the hand and whipping.

The defendant, a slave, was convicted of manslaughter, and the judgment of THE COURT (nem. con.) was that he should be burnt in the hand by the jailor in open court, and should be publicly whipped with thirty-nine stripes. See Act Va. Dec. 17, 1792, § 34, p. 190.

UNITED STATES v. TOMPKINS. See Case No. 16,483.

## Case No. 16,532.

### UNITED STATES v. TOMS.

[1 Cranch, C. C. 607.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

HORSE STEALING — JURORS — PEREMPTORY CHALLENGES—CONTINUANCES.

Peremptory challenge refused in a case of horse stealing. Continuance, prayed on account of the absence of a witness who could testify that he heard another man confess that he had stolen the horse, refused.

Indictment [against John Toms] for stealing John Cannon's horse. Upon the authority of U. S. v. McPherson [Case No. 15,703], in this court at December term, 1807, the prisoner was refused the right of challenge, the offence having been decided to be simple larceny under the act of congress.

THE COURT refused a continuance on the ground of the absence of a witness who would swear that he heard another man confess that he stole such a horse from John Cannon, the court being of opinion that it was not competent evidence.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]