## Case No. 15,738.

### UNITED STATES v. MASON.

[2 Cranch, C. C. 410.] [1]

Circuit Court, District of Columbia. May Term, 1823.

LARCENY—OWNERSHIP OF GOODS—LOCUS OF CRIME.

1. If a man steals goods in North Carolina and brings them here, he is guilty of larceny here.

[Cited in U. S. v. Hankey, Case No. 15,328; U. S. v. Mortimer, Id. 15,821.]

[Cited in Worthington v. State, 58 Fed. 407.]

2. A dead man cannot be the owner of goods. It is not sufficient to state them to be the goods of one A. B. deceased.

Indictment [against John Mason] for stealing a pair of golden suspender buckles and a brass pistol "of the goods and chattels of one Edward Rumney, deceased." Edward Rumney was master of a vessel wrecked on the coast of North Carolina. The prisoner was one of the mariners. Rumney was drowned. There was evidence that the articles belonged to Rumney, and were found on the prisoner, who had offered them for sale, and had given contradictory accounts of the manner in which he obtained them, and claimed them as his own.

Mr. Hewitt, for the prisoner, contended that although he might have stolen them in North Carolina, it was not larceny here.

But THE COURT (THRUSTON, Circuit Judge, absent) stopped Mr. Hewitt in his argument, and said it had been often decided by this court, that if a larceny be committed in any of the states, and the thief bring the stolen goods into this district, he is guilty of larceny here. U. S. v. Tolson [Case No. 16,530], at December term, 1805.

Mr. Hewitt, in argument to the jury, contended that larceny cannot be committed unless of the property of some person in existence. The property, if taken by the prisoner, was taken after the death of Captain Rumney, and no administration has yet been granted upon his estate. The buckles and pistols were not the property of any person at the time they were taken; so that no larceny of them could have been committed, even if taken with a felonious intent. But he had a right to take possession of the goods. There is no evidence that he knew they belonged to Captain Rumney.

Mr. Swann, contra. The law here differs from that of England in relation to testamentary affairs. There the ordinary grants letters of administration, and until they are granted the goods are to be called the goods of the ordinary. Here the letters of administration are granted by the courts; and if this indictment should be adjudged bad, he should send up another, charging the goods as of the goods and chattels of the orphans' court.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

After the jury had retired, they came in and asked the court to instruct them, whether the indictment could be supported for larceny of the goods of a dead man.

THE COURT (THRUSTON, Circuit Judge, absent) answered, that a dead man could not have goods and chattels; and that, therefore, the indictment could not be supported.