## PEOPLE v. ZWIERKOWSKI.

1. Criminal Law—Breaking and Entering in Nighttime—Evi-
dence—Confessions.

   The fact that the breaking and entering charged occurred during
   the nighttime may not be established solely by the extrajudicial
   confession of the defendant, as the time of the occurrence is an
   element of the crime of breaking and entering in the night-
   time (CL 1948, § 750.110).

2. Same—Corpus Delicti—Evidence—Confessions.

   Once the *corpus delicti* has been established, a voluntary confes-
   sion may be introduced, but the testimony must be very strong
   to show the *corpus delicti*.

3. Same—Breaking and Entering in Nighttime—Confessions—
   Setting Aside Sentence.

   Sentence of defendant for breaking and entering in the night-
   time is set aside and held for naught without new trial, where,
   although the breaking and entering was clearly established,
   evidence as to its having been committed in the nighttime, other
   than defendant's extrajudicial confession, did not establish
   that the breaking and entering took place at night (CL 1948,
   § 750.110).

Appeal from Ingham; Salmon (Marvin J.), J.
Submitted June 14, 1962. (Docket No. 53, Calendar
No. 49,122.) Decided October 1, 1962.

Donald Zwierkowski was convicted of breaking and
entering in the nighttime. Reversed.

References for Points in Headnotes
[2, 3] 20 Am Jur, Evidence §§ 484, 1230 *et seq.*

*Frank J. Kelley,* Attorney General, *Eugene Kra-sicky,* Solicitor General, *Leo A. Farhat,* Prosecuting Attorney, *John Robert Dethmers,* Assistant Prose-cuting Attorney.

*Lester N. Turner* and *Sinas, Dramis, Brake & Werbelow,* for defendant.

KELLY, J. Appellant herein was arrested on a charge of breaking and entering in the nighttime, was found guilty as charged, and on September 9, 1960, was sentenced to not less than 2 years nor more than 15 years imprisonment. He brings this appeal claiming that the trial court erred (1) in holding that the facts presented were sufficient to allow the nighttime element of the *corpus delicti* to be inferred; (2) in allowing the extrajudicial statements of the defendant to be admitted before all the elements of the *corpus delicti* had been shown; and (3) in allowing into evidence a confession made by defendant to the police after he had been held for 5 days without being taken before a magistrate.

Sometime between 11 a. m. and midnight on May 29, 1960, a Lansing, Michigan, house was broken into and certain items taken therefrom. On June 10, 1960, defendant, a 17-year-old boy, and one Gerald Moss, 16 years of age, were taken into custody at Battle Creek, Michigan, by the State police on information furnished to them by the Lansing police in regard to the crime. It was later learned the boys were escapees from the Boys' Vocational School in Lansing.

Five days after the arrest by the Battle Creek police, the boys were brought to the Lansing police station and after being questioned both in the morning and afternoon by the Lansing police both boys signed a confession to the crime of breaking and entering in the nighttime. That afternoon complaint

and warrant were issued and they were arraigned by a magistrate. Defendant demanded examination and bond was set. An attorney was appointed. Jury was waived by defendant, and trial was had on August 25, 1960. Sentence was imposed on September 9, 1960.

Evidence introduced by the people tended to prove that a breaking and entering had taken place at a dwelling which was situated among other dwellings but which had surrounding it a large area of vacant land, the rear portion of which was shielded by bushes. The evidence of the breaking and entering showed an "L" shaped cut, about 12 by 12 inches in size in the screen door on the back porch and that the door leading from the porch to the kitchen had its latch completely broken off.

In order to establish the exact time the breaking and entering took place, the people offered and the court received into evidence (over the objection of defense counsel), the written confession of defendant, which read in part:

"*Q.* Could you give me the approximate time that you entered the house on Clark street?
"*A.* About 10 o'clock at night."

Defendant contends that such extrajudicial statements cannot be used to show an element of the *corpus delicti* but may only be used to connect the defendant with the crime once the *corpus delicti* has been proven by other evidence.

In overruling defendant's objection that defendant's statement could not be used to supply the missing nighttime element of the *corpus delicti,* the court said:

"I think the prosecutor has shown the *corpus delicti,* and I think he has shown it because I think it is contrary to good sense to say, having in mind all the circumstances here with relation to the way

this house sat relative to other homes in the area, and the way, or, the condition in which the door was found, it seems to me it is contrary to good sense to say that when these people left and locked their house at about noon and then returned the following day and found it in the condition that it was in that the entry was made in the daytime. It seems to me that it is good sense or reasonable to say that it was done in the nighttime."

Appellee states, "This is not a question of law, and it cannot be answered in the abstract. It is a question of good sense and reasonableness to be decided by the trier of facts. It was correctly decided by the court in this case." And, to support its contention that the trial court was correct in holding that the facts were sufficient to allow the nighttime element to be inferred, appellee cites *People* v. *Dupree,* 98 Mich 26.

The owner of the house that was broken into testified that he left his home on May 29th (day before Memorial Day) "between 12 and 1 o'clock in the afternoon," with his wife and family and "returned home between 11:30 and 12 in the nighttime"; that there was a 12-by-12-inch cut in the back door screen and the latch of the back door was broken; that his house was the second house off Grand River avenue in behind a church; that from his back door to the wall of the next house would be about 225 feet; that he didn't know whether his neighbors were home or on vacation; that "there is large shrubbery beside the garage that would block the view from anybody in the back lot seeing it (the back door)," unless they would be looking from the second floor of their home.

The *Dupree Case, supra,* differs from the present case as in the *Dupree Case* the entrance was through a front door or window facing the street in a building of a public character.

The legislature stressed the importance of the distinction between daytime and nighttime breaking and entering not only by 2 separate statutes (nighttime— CL 1948, § 750.110 [Stat Ann § 28.305] and daytime —CL 1948, § 750.111 [Stat Ann § 28.306]), but, also, by providing for 2 different punishments, namely: nighttime, not more than 15 years, and daytime, not more than 5 years or a fine of not more than $2,500.

In *People* v. *Burlingame*, 257 Mich 252, 260, we held:

"Where the probabilities from the facts shown and the inferences therefrom indicate the *corpus delicti*, a voluntary confession may be introduced, although there may be some testimony to the contrary. The testimony, however, must be very strong to show the *corpus delicti*."

Justice Wiest in *People* v. *Kirby*, 223 Mich 440, 451, said:

"The *corpus delicti* cannot be established by a surmise supplemented by a guess. An inference cannot be based upon an inference."

We cannot here use a "surmise supplemented by a guess" and, hence, we grant appellant's prayer of relief "that the conviction of Donald Zwierkowski be reversed without new trial and that his sentence be set aside and held for naught."

Reversed without new trial, and remanded for purpose of having sentence set aside and held for naught.

Kavanagh, Souris, and Otis M. Smith, JJ., concurred with Kelly, J.

Black, J., concurred in result.

Carr, C. J., and Dethmers and Adams, JJ., did not sit.