HILL *v.* STATE

[No. 144, September Term, 1964.]

*Decided February 3, 1965.*

The cause was submitted on the brief to HAMMOND, HOR-NEY, MARBURY and BARNES, JJ., and DIGGES, C. J., of the Seventh Judicial Circuit, specially assigned.

Submitted by *Michael F. Freedman* and *Stanley J. Schapiro* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Franklin Goldstein, Assistant Attorney General, Charles E. Moylan, Jr.* and *George J. Helinski, State's Attorney* and *Deputy State's Attorney,* respectively, *for Baltimore City,* for appellee.

PER CURIAM.

The appellant was indicted in two counts for felonious possession and control of a narcotic drug (heroin), was convicted in the Criminal Court of Baltimore by Judge Harris without a jury, and was duly sentenced. The appellant contends before us that there was not sufficient evidence to support her conviction.

Officer Bishop L. Robinson of the Baltimore City Police De-

partment, after having received a telephone call that certain known users of drugs were then using drugs in an apartment, 1521 Edmondson Avenue, Baltimore, Maryland, proceeded to that address with two other officers. They entered the apartment with the consent of the three occupants, including the appellant and, also with the consent of the occupants, searched the apartment. The search resulted in the discovery of a burnt bottom teaspoon and a bottle cap containing heroin. A hypodermic needle, two eye droppers and two needle holders were also found. Officer Robinson testified that the spoon and bottle cap were significant because used as "cookers in the preparation of heroin". After receiving permission from the appellant, Officer Robinson examined the arms of the appellant for needle marks and counted four fresh needle marks in the bend of her left arm.

The appellant denied that she was using dope herself but indicated that one of the other women had used it in her presence. She testified that she had used narcotics several days before for the first time and that all four needle marks on her arm were four days old. She admitted that she knew where the narcotics paraphernalia were kept in the apartment.

The trial judge, in weighing the testimony accepted the testimony of Officer Robinson that the needle marks were "fresh" marks and the inferences legitimately drawn from this testimony. He did not accept the testimony of the appellant to the contrary. As the trier of fact he was entitled to do this. The credibility of the witnesses was for his determination.

*Judgment affirmed.*