MAURICE ERNEST GAZAILLE *v.* STATE
OF MARYLAND

[No. 339, Initial Term, 1967.]

*Decided November 21, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Roger W. Titus* for appellant.

*Frank A. DeCosta, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *James F. Tomes, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

Maurice Ernest Gazaille, the appellant, was convicted by a jury of daytime housebreaking and grand larceny in the Circuit Court for Montgomery County before Judge James H. Pugh. Such facts as are necessary for the opinion are stated hereinafter.

I

Gazaille complains that certain articles, constituting "fruits" of an illegal arrest, were introduced into evidence. Since there was no objection to the introduction of the articles at the trial, the question is not properly before this court, Maryland Rule 1085, *Porter v. State,* 230 Md. 535, 187 A. 2d 870. In *Mapp v. Ohio,* 367 U. S. 643, 659, 81 S. Ct. 1684, 1693 (1961) at footnote 9, the Supreme Court stated that:

> "As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected."

II

Gazaille complains that Maryland law does not define the crimes of grand larceny and daytime housebreaking but merely provides a punishment for the crimes; that since the crimes did

not exist at common law and are not defined under present statutes, daytime housebreaking and grand larceny do not exist under Maryland law.

Maryland Code Art. 27, § 340 does not define grand larceny but merely provides a punishment. However, grand larceny was a common law crime, Clark and Marshall, *Law of Crimes* § 12.07 (6th Ed. 1958), and is a part of existing law in Maryland under Article 5 of the Maryland Declaration of Rights which adopted the common law that existed on July 4, 1776.

Maryland Code Art. 27, § 30 (b) extends the definition of burglary to include "Any person * * * who shall be convicted of the crime of breaking a dwelling house in the daytime * * *." We think that is a sufficient description of the crime. See *Swift v. State,* 224 Md. 300, 167 A. 2d 762. Nevertheless, housebreaking was also a crime at common law, *Putnam v. State,* 234 Md. 537, 542-44, 200 A. 2d 59, 62-3.

## III

Gazaille complains that there was not enough evidence to establish the crime took place in the daytime, and that the value of the stolen goods was one hundred dollars ($100.00) or more.

Since the time of the housebreaking could not be ascertained, the appellant was charged with and convicted of the lesser included offense—daytime housebreaking as opposed to common-law burglary. *St. Clair v. State,* 1 Md. App. 605.[1]

There was direct testimony by the owner of the stolen goods that the value was over one hundred dollars ($100.00). This is sufficient evidence of the value of the goods, *Scott v. State,* 1 Md. App. 481, 494, 231 A. 2d 728. The jury as the trier of the facts weighs the credibility of the witnesses, *Hill v. State,* 237 Md. 630, 206 A. 2d 677, *Tillery v. State,* 236 Md. 614, 203 A. 2d 704. The owner's precise testimony indicated that while he was not positive of the fair market value on the date of the theft

---

1. Appellant relies on *People v. Zwierkowski,* 368 Mich. 56, 117 N. W. 2d 179. In that case, the defendent was convicted of night-time burglary—the conviction was reversed because it was not proven that the defendant had broken into the house at night. This is not inconsistent with *St. Clair, supra,* where the nighttime element is not proven, the defendant can be convicted of the lesser included offense.

he felt that it would be between $100 and $150. We think this testimony was sufficient to make the issue a question for the fact finder.

*Judgment affirmed.*