BARRY PAUL LEHR, WILLIAM CECIL BURKE,
AND ROBERT CLARENCE GOODNOW
*v.* STATE OF MARYLAND

[No. 71, September Term, 1967.]

*Decided January 29, 1968.*

The cause was argued before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

*Stanford H. Franklin,* with whom was *Richard Paul Gilbert* on the brief, for appellants Burke and Goodnow; and *John B. Howard* and *Daniel O'C. Tracy, Jr.,* for appellant Lehr.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *A. Gordon Boone, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellants, Barry Paul Lehr, William Cecil Burke and Robert Clarence Goodnow, were convicted of grand larceny of a safe by Judge John N. Macguire in the Circuit Court for Baltimore County, on January 26, 1967, and sentenced to five years in the Maryland House of Correction.

Carroll L. Bridgeforth, sales manager of the Royal Crown Bottling Company of Winchester, Virginia, testified that when he arrived at the Company's plant on September 19, 1966, the Company's York Safe, three feet high and weighing approximately five hundred pounds, was missing. Mr. Bridgeforth testified that the safe contained $28,733 in cash, although the Appellants were not charged in this case with the larceny of the money. The safe was discovered, after surveillance by the Baltimore County Police, in a house located on East Joppa Road in Baltimore County. The Appellants were seen from time to time during the surveillance on or about the premises where the safe was recovered.

The Appellants contend, *inter alia,* that the State did not establish by the evidence that the value of the safe allegedly stolen was in excess of $100. The State's only evidence regarding its value was provided by Mr. Bridgeforth who, on direct examination, testified as follows:

> "Q. (Mr. Boone) Do you know the approximate value of the safe that was removed from your plant in Virginia?
> A. I think according to the indictments, a hundred and thirty dollars, according to the indictment.
> Mr. Franklin: Object to that.

The Court: Sustained.

Q. (Mr. Boone) Do you have an opinion as to the value—

Mr. McFarland: Object to that.

The Court: Overruled.

The Witness: I'd say a hundred and thirty dollars would be a reasonable figure."

On cross examination, Mr. Bridgeforth admitted that, of his own personal knowledge, he did not know the value of the safe.

In a prosecution for grand larceny, one of the essential elements to be proven by the State is that the goods taken had a market value of one hundred dollars or more. Art. 27, Sec. 340, Md. Code (1967 Repl. Vol.); *Lauder v. State,* 233 Md. 142; *Mercer v. State,* 237 Md. 479. In the instant case, it was not shown that Mr. Bridgeforth possessed any knowledge of the value of the subject safe. On the contrary, he expressly disavowed such knowledge, and no expert evidence was introduced.

The Court of Appeals of Maryland and this Court have held that where goods are stolen in another State and carried to this State, the subsequent asportation of such goods with the original fraudulent intent is sufficient to render the offender guilty of larceny. *Worthington v. State,* 58 Md. 403; *Gamble v. State,* 2 Md. App. 271, 274; *Criminal Law,* 2d Ed., Sec. 373, p. 410. In such instances, it is necessary to show that (1) the taking constituted the crime of larceny in the foreign jurisdiction and (2) that the accused voluntarily brought the stolen property into Maryland. Assuming without deciding, that the State proved these essential elements, we are, nevertheless, constrained to hold that the State did not meet the burden of proving the value of the safe allegedly stolen to be in excess of one hundred dollars. Accordingly, the judgments will be reversed and new trials granted. In view of our holding in this regard, we do not reach the other questions presented by the Appellants.

*Judgments reversed and cases remanded for new trials.*