## JAMES RAYMOND JONES *v.* STATE OF MARYLAND

[No. 238, September Term, 1968.]

*Decided March 17, 1969.*

*Robert A. Sapero* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Hilary D. Caplan, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant, James Raymond Jones, was convicted in the Criminal Court of Baltimore before Judge George Sachse, sitting without a jury, of larceny of goods of the value of $100.00 or more. He was sentenced to six years under the jurisdiction of the Department of Correction.

The sole question raised by appellant on appeal is whether the State produced sufficient evidence to prove that the goods taken were of a value of $100.00 or more.

At the trial Mrs. Frances McElresth testified that on March 31, 1968 she was sitting on the doorsteps of her house located at 227 East Churchhill Street, directly across from the house of Herman H. Hoetzel, the complaining witness, when she saw appellant walk up the street, take a key, open the door and

enter the Hoetzel house. He came back out and walked down the street and shortly thereafter drove up in a '59 or '60 red and white Chevrolet accompanied by another man. He got out of the car, entered the house, and came back out carrying a floor model T.V. set which he put in the trunk of the automobile. The two men then drove off.

Herman H. Hoetzel testified that on the date in question he returned to his home at 228 East Churchhill Street in Baltimore, and when he entered the house he found his television set gone and also a radio and a wrist watch. When questioned as to the value of these articles, he testified as follows:

"Q. What is the value of that television?
"A. $75 or $100.
"Q. What was the value of that radio?
"A. I will say about $25.
"Q. What was the value of the wrist watch?
"A. I would say around $10."

There was no other testimony as to value produced by the State.

The State has the burden of proving that the goods stolen were of the requisite value of $100.00 or more under Maryland Code (1967 Repl. Vol.), Article 27, § 340. *Cofflin v. State,* 230 Md. 139, 144, 186 A. 2d 216; *Mercer v. State,* 237 Md. 479, 484-85, 206 A. 2d 797; *Lehr v. State,* 2 Md. App. 776, 778, 237 A. 2d 529. The test is market value. *Cofflin v. State, supra; Mercer v. State, supra; Lauder v. State,* 233 Md. 142, 144, 195 A. 2d 610; *Lehr v. State, supra.* The owner of personal property in common use may express an opinion as to its value without qualification as an expert. *Cofflin v. State, supra,* at p. 142 and cases cited; *Mercer v. State, supra,* at p. 484.

In *Cofflin v. State, supra,* the sole witness for the State as to value was the committee of the incompetent who was the owner of the goods stolen. She had no personal knowledge of their value. The Court of Appeals held that her testimony was improperly admitted, since it was based upon an appraisal made by an expert appraiser, and, therefore, was hearsay and inadmissible. Also, while she did testify as to the value of a clock and two swords, her valuation of the swords was based largely on sentiment and not market value, and the court found that

the State had failed to meet its burden to prove that the value of the goods taken was in excess of $100.00.

In *Mercer v. State, supra,* the only evidence offered by the State as to the value of the stolen television set was that of its owner. She testified that the set was purchased for $172.00 in 1960, and that if sold to a dealer she probably would not have received much for it, but that it was worth as much to her at the time it was stolen as she paid for it. The set had been out of order for a week or two before it was stolen. The Court of Appeals found the evidence as to value to be insufficient. In so doing, the Court pointed out that the value put upon it by its owner was admittedly not based on market value, since the article had been purchased some three and one-half years before the theft and needed repairs at the time it was stolen, and, in view of the circumstances, was not of itself sufficient to sustain the burden of proof imposed upon the State.

In *Lehr v. State, supra,* the appellant was charged with the larceny of a safe. The sales manager for the company from which it had been stolen was offered by the State as a witness to prove its value. While he testified on direct examination that his opinion of its value was $130.00, he admitted on cross-examination that of his own personal knowledge he did not know the value of the safe. This Court, in reversing, found that it was not shown that Mr. Bridgeforth (the sales manager) possessed any knowledge of the market value of the safe.

In each of the above cases cited it is apparent that the value placed upon the articles stolen from the owner or bailee was admittedly not based upon market value and therefore was not sufficient to sustain the burden of proof imposed upon the State.

In the instant case the owner testified that the total value of the television set, the radio and the watch at the time of the theft was between $110.00 and $135.00, and while he did not directly so state, we think it implicit that he meant the fair market value of each item.

In *Gazaille v. State,* 2 Md. App. 462, 464-65, 235 A. 2d 306, the owner's precise testimony indicated that while he was not positive of the fair market value on the date of the theft he felt it would be between $100.00 and $150.00. We found this testi-

mony was sufficient to make the issue a question for the fact finder.

The appellant failed to question the value of the articles alleged to have been stolen as testified to by the owner at the trial below. It is apparent that the lower court found from the direct testimony of the owner he meant market value of the television set, the radio and the watch, although he did not explicitly so state. We think that here, as in *Gazaille v. State, supra,* there was legally sufficient evidence of value. Therefore, we cannot say that the finding of the lower court was clearly erroneous. Maryland Rule 1086.

*Judgment affirmed.*