JOSEPH MASON *v.* STATE OF MARYLAND

[No. 180, September Term, 1969.]

*Decided March 4, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Benjamin Lipsitz* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Peter J. Karceski, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Joseph Mason, was tried on May 1, 1969 in

the Criminal Court of Baltimore by Judge Solomon Liss, sitting without a jury, upon Indictment No. 6109 for grand larceny of an automobile, and upon Indictment No. 6108 for petit larceny of a set of automobile license plates. Judge Liss found appellant guilty and sentenced him to five years on Indictment No. 6109 and one year on Indictment No. 6108, the one year term to be consecutive with the five year term, under the supervision of the Department of Correctional Services. Appellant presents three questions on appeal. They are:

1. Whether the State proved the stolen automobile had a value of $100.00 or more when it was stolen?
2. Whether the State proved Mason stole (a) the automobile and (b) the license plates?
3. Whether both judgments were tainted by the trial court's prior knowledge of an indictment for conspiracy to commit robbery outstanding against the appellant?

I

In cases involving grand larceny the State has the burden of proving that the goods stolen were of the requisite value of $100.00 or more. *Jones v. State,* 6 Md. App. 344, 251 A. 2d 46. The test of value is market value. *Cofflin v. State,* 230 Md. 139, 186 A. 2d 216. The owner of personal property in common use may express an opinion as to its value without qualification as an expert. *Cofflin v. State, supra.* In the instant case Mr. Joseph Green, the owner of the automobile in question, testified that he had purchased the car for $795.00 a year prior to the time it was stolen. When asked on cross-examination whether he knew what the value of the automobile was when it was stolen, he replied that he did not. There was no other evidence adduced by the State to show market value of the car. We find that the State has failed to meet its burden of proof. There was in fact no testimony or other evidence before the trial court from which the

court could find that the value of the automobile at the time of its theft was $100. or upwards. Therefore, we must reverse the conviction in Indictment No. 6109. At appellant's new trial the State should produce affirmative evidence of the value of the car at the time of the larceny.

## II

Appellant next contends that the evidence produced was insufficient to sustain either his grand larceny or petit larceny convictions. Since we have reversed his conviction for grand larceny we need only consider the petit larceny conviction. Mrs. Judy Reagan testified that the license plates on her 1961 Oldsmobile, #CS-5833, had been stolen on or about October 20, 1968. Subsequently thereto, Detective Bernard Fabiszak testified that, while on patrol, he observed a 1961 Chevrolet automobile bearing Mrs. Reagan's license plates being driven by a single colored male. While under his observation two other men were picked up by the driver before the officer made the arrest. Appellant was identified as the driver of the car. Unexplained possession of recently stolen goods gives rise to an inference that the possessor was the thief. *Sizemore v. State,* 5 Md. App. 507, 519, 248 A. 2d 417; *Anglin v. State,* 1 Md. App. 85, 92, 227 A. 2d 364. We have held that this possession must be exclusive but that it may be joint exclusive possession. *Hernandez v. State,* 7 Md. App. 355, 255 A. 2d 449. Appellant's presence in and driving of the automobile, to which were affixed stolen license plates, is sufficient to raise the inference that he was the thief. Appellant in no way refuted the inference and his conviction therefore must stand.

## III

Appellant's last contention is that he was prejudiced because the trial judge had knowledge of other pending indictments. We have previously held that the evidence was sufficient to convict of petit larceny and there was no showing by the appellant of any actual prejudice on the part of the trial judge. In addition, this contention was

not raised below and, therefore, is not properly before us. Maryland Rule 1085.

> *Judgment affirmed as to Indictment No. 6108 (Petit Larceny).*
> *Judgment reversed as to Indictment No. 6109 (Grand Larceny) and case remanded for a new trial consistent with this opinion.*