## FRANK JUNG *v.* STATE OF MARYLAND

[No. 215, September Term, 1969.]

*Decided April 7, 1970.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Donald Daneman (John D. Hackett* on the brief) for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Gary H. Huddles, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant was convicted of burglary in a non-jury

trial in the Circuit Court for Baltimore County and sentenced to three years imprisonment.

As a basis for his contention that the evidence was legally insufficient to sustain his conviction, appellant argues that the State failed to prove that the alleged breaking and entering occurred "in the nighttime." We agree.

Corporal George Charles Wyatt, a Maryland State Police Trooper, testified that "at approximately 1:00 o'clock on November 28th, I took my family over to my mother's for Thanksgiving dinner, for approximately an 11 to 12 hour period from approximately 1:00 in the afternoon to approximately midnight that night." He then described how the house had been broken into and listed the household items, including a gun, which were missing. At the conclusion of the case for the defense, the following colloquy occurred between the trial judge and Corporal Wyatt:

"THE COURT: Corporal Wyatt, just stay where you are; I want to ask you a question.

CORPORAL WYATT: Yes, sir.

THE COURT: How close is your home to adjacent homes?

CORPORAL WYATT: Twenty feet, Your Honor.

THE COURT: Twenty feet?

CORPORAL WYATT: Yes, Sir.

THE COURT: You mean there's one on each side of you?

CORPORAL WYATT: Yes, Sir.

THE COURT: Were the occupants of those homes at home that afternoon, if you know?

CORPORAL WYATT: Well, directly across the street they had a housewarming. I asked them about it; it started about two in the afternoon and went on until ten o'clock at night, in the evening, and they had people in the house all that time.

THE COURT: Can the window that was broken in your house be observed from that house?

"CORPORAL WYATT: Yes.

THE COURT: Did anyone there observe anyone around your house?

CORPORAL WYATT: The entire neighborhood was canvassed by myself, and no one had seen anything."

Thereafter, in response to a question by appellant's trial counsel, Corporal Wyatt testified that he was unable to determine what time his home had been entered.

An essential element of the crime of burglary is proof that the breaking and entering occurred in the nighttime. *Reagan v. State*, 4 Md. App. 590. On the record before us there was no direct evidence concerning the time the home was entered. Nor, in our opinion, was there sufficient indirect evidence from which the trial judge could reasonably infer beyond a reasonable doubt that the crime occurred in the nighttime.[1] *Williams and McClelland v. State*, 5 Md. App. 450.

The evidence presented at trial was equally conducive to a finding that the crime occurred in the daytime. Without some evidence that the house was actually observed to be intact during all of the daylight hours or that appellant was observed in the area of the victim's home after dark, the mere fact that no one in the neighborhood witnessed the breaking is not sufficient to support an inference that the crime could only have occurred at night. *See Stocker v. State*, 4 Md. App. 275, 281. When the trier of facts is confronted with a situation where it cannot be determined from the evidence presented whether the breaking and entering occurred in the daytime or the nighttime, this Court has held that when all other elements of the crime are present, a conviction of daytime housebreaking, if properly charged in the indictment, is permissible as the lesser crime. *Gazaille v. State*, 2 Md. App. 462; *St. Clair v. State*, 1 Md. App. 605. Accordingly, we find the judgment of conviction of burglary by the lower court to be clearly erroneous. Md. Rule 1086.

---

1. See *Wiggins v. State*, 4 Md. App. 95, fn. 9 for a discussion of the distinction between daytime and nighttime.

In announcing its verdict, the lower court stated: "The verdict is guilty under the 7th count [burglary]. The other counts all merge." Without considering the correctness of the latter statement with respect to the other counts, the statement is incorrect as to the counts of nighttime burglary and daytime burglary since guilty verdicts under those counts would not merge but would be inconsistent. The finding of guilt of nighttime burglary would necessarily compel a finding of not guilty of daytime burglary.

*Judgment reversed and case remanded for a new trial.*