PEOPLE *v.* DAVIS

1. ARSON—BURNING DWELLING HOUSE—CORPUS DELICTI.

The *corpus delicti* of burning a dwelling house is established by showing that a dwelling house was burned and that the fire was wilfully or maliciously set (MCLA § 750.72).

2. CRIMINAL LAW — CORPUS DELICTI — EVIDENCE — EXTRAJUDICIAL STATEMENTS.

The *corpus delicti* of a crime cannot be established *solely* by the extrajudicial statements of the accused.

3. ARSON—EVIDENCE—DEFENDANT'S EXTRAJUDICIAL STATEMENTS—ADMISSIBILITY—INCENDIARY ORIGIN.

Extrajudicial statements made by a defendant are admissible to prove that he committed the crime of arson where the fact has been established that the fire was of incendiary origin; the incendiary origin of the fire may be established by circumstantial evidence.

4. ARSON—INCENDIARY ORIGIN—EVIDENCE.

Incendiary origin of a fire in a dwelling house was established where the daughter of the occupant of the house testified that she had smelled the odor of gas or kerosene, the occupant's husband testified similarly, the prosecution's expert witness testified that pieces of burned wood found after the fire showed that they had been impregnated with some type of petroleum product and that it could have been used to start the fire, and the city fire marshal stated that he believed the fire had been deliberately set (MCLA § 750.72).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arson and Related Offenses § 46.
[2] 30 Am Jur 2d, Evidence § 1142.
   Corroboration of extrajudicial confession or admission. 127 ALR 1130, supp. 45 ALR3d 1316.
[3] 5 Am Jur 2d, Arson and Related Offenses §§ 48, 56.
[4] 5 Am Jur 2d, Arson and Related Offenses § 48.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 March 31, 1971, at Grand Rapids. (Docket No. 10356.) Decided June 28, 1971. Leave to appeal denied, 386 Mich 751.

Eliga Davis was convicted of burning a dwelling house. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Charles J. LaSata,* for defendant.

Before: Holbrook, P. J., and Bronson and O'Hara,* JJ.

Per Curiam. The defendant, following a two-day trial, was convicted by a jury of the crime of burning a dwelling house. MCLA § 750.72 (Stat Ann 1962 Rev § 28.267). Defendant was sentenced to serve a term of 7-1/2 to 20 years in prison. From the denial of defendant's motion for a new trial, defendant appeals as of right.

Defendant alleges that the prosecution failed to establish the *corpus delicti* of the crime; that defendant's extrajudicial statements were improperly used in attempting to establish the *corpus delicti* of the crime; and that the proofs were insufficient to rebut the presumption that the fire was caused by natural or accidental means.

To establish the *corpus delicti* of a crime under MCLA § 750.72 (Stat Ann 1962 Rev § 28.267), it is necessary to show that the dwelling house was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

burned, and that the fire was wilfully or maliciously set. See MCLA § 750.72 (Stat Ann 1962 Rev § 28-.267); *Peterson* v. *Oceana Circuit Judge* (1928), 243 Mich 215. It is a well-settled principle that the *corpus delicti* of a crime cannot be established *solely* by the extrajudicial statements of the accused. See *People* v. *Zwierkowski* (1962), 368 Mich 56; *People* v. *Asta* (1953), 337 Mich 590.

However, where proofs are presented that the fire was of incendiary origin, a fact which may be established by circumstantial evidence, *Peterson* v. *Oceana Circuit Judge, supra,* statements by defendant are admissible to prove that he committed the crime. The rule was aptly stated in *People* v. *Campbell* (1942), 301 Mich 670, 672, 673:

"The testimony before the magistrate is in the record and under defendants' appeal the first question is whether it established the fact, outside of defendants' extrajudicial statements, that the fire was of incendiary origin. If the fire was of incendiary origin then statements of defendants of their connection therewith were admissible to show they committed the crime, but such extrajudicial statements could not be used to establish the fact that the fire was incendiary. *People* v. *Kirby* [1923], 223 Mich 440. If the circumstances accompanying the fire disclosed it was of incendiary origin then commission of the crime by some one could be found. *People* v. *Burlingame* [1932], 257 Mich 252; *Peterson* v. *Oceana Circuit Judge* [1928], 243 Mich 215.

"If the fire was incendiary the extrajudicial statements made by defendants of their connection therewith could be shown upon the question of the guilt of the utterer."

The fire in the instant case occurred at approximately 1:15 a.m. on February 14, 1969. Mrs. Cohn, occupant of the dwelling, revealed that she and de-

fendant had an argument earlier in the evening. Mrs. Cohn's daughter testified that defendant was present at their home sometime after midnight on the morning of the fire. Mrs. Cohn's daughter further testified that shortly after defendant's departure she smelled the odor of "gas or kerosene, or something". The testimony of Mr. Cohn indicated that when he returned home shortly after midnight he smelled gas but that he was unable to locate its source. The prosecution presented an expert witness from the Michigan Department of Health Crime Laboratory who had run some tests on pieces of wood that were burned at the scene of the crime. His testimony indicated that the wood had been impregnated with some type of petroleum product, either kerosene, lighter fluid, or gasoline, and that it could have been used to start the fire. The prosecution also presented the testimony of the city's fire marshal who had investigated the fire at the Cohn residence immediately after its was extinguished. The fire marshal gave his expert opinion that the fire was deliberately set.

We think that this evidence sufficiently established the fact that the fire was of incendiary origin, and therefore statements by defendant were admissible to show that he committed the crime.

Defendant further alleges that the trial court committed error by permitting a letter to be introduced into evidence at trial. The letter in question was given by defendant to Mrs. Cohn, four days after the fire. Defendant does not challenge the purpose for which the letter was admitted into evidence. Rather, it is defendant's contention that any use of the letter in evidence violates due process because the prosecutor, pursuant to local court rule, had informed defendant that the prosecution had no statements or confessions made by defendant. Defendant did not

raise this objection below, and this Court will not review the issue raised for the first time on appeal. See *People* v. *Kennedy* (1970), 22 Mich App 524; *People* v. *Raub* (1967), 9 Mich App 114. We note, however, that defendant was made aware of the existence and content of this letter at the time of the preliminary examination and could have timely filed a motion to suppress if he so desired.

Defendant's remaining allegations of error are without merit.

Judgment affirmed.