# HAMILTON AND FLETCHER v. STATE OF MARYLAND

[No. 250, September Term, 1971.]

*Decided April 6, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Charles Duvall Smith,* with whom were *Taylor & Smith* on the brief for George Arthur Hamilton, one of the appellants. *Hugh L. Reilly* for John Francis Fletcher, the other appellant.

*Clarance W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Edward F. Borgerding, Assistant Attorney General* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

This case involving the charge of grand larceny of which both appellants stand convicted, and for which

Fletcher was sentenced to a term of 10 years and Hamilton to a term of 8 years, has been before the Court of Special Appeals of Maryland on two occasions, *Fletcher v. State,* 8 Md. App. 153, 258 A. 2d 781 (1969); and *Hamilton and Fletcher v. State,* 12 Md. App. 91, 277 A. 2d 460 (1971). It is from the decision in the last mentioned case that certiorari has been granted.

Although the appellants raise an issue concerning an alleged variance between the named owner in the indictment and the corporate owner disclosed in the testimony before the lower court and another issue concerning the trial judge's instruction to the jury relative to their role as judge of both the law and the facts (Constitution of Maryland, Article XV, Section 5), these issues do not trouble us. We are of the opinion that they are without merit and were ably disposed of below by Judge Moylan writing for the Court of Special Appeals in *Hamilton and Fletcher v. State, supra.*

We do believe, however, that the issue raised by the appellants, as to whether their conviction for larceny in Maryland based on their transportation of stolen money into this State from the District of Columbia, on the "continuing larceny" theory, constituted double jeopardy in violation of the Fifth Amendment of the Constitution of the United States, should be the subject of review by this Court.

In order to assess the actions of the appellants with relation to "continuing larceny," we must view them within the framework of events which occurred following the larceny in the District of Columbia. For this purpose we set forth certain pertinent facts as narrated in the opinion of the Court of Special Appeals.

> "The grand larceny of which the appellants were here convicted arose out of an armed bank robbery perpetrated by these appellants and two others upon the Highland's Branch of the National Capital Bank of Washington on October 22, 1968. The branch was located in the Dis-

trict of Columbia. The armed robbery occurred at approximately 1 p.m. The appellant Fletcher was identified as having participated in that holdup. A red automobile bearing Maryland license tags DY 6318 was identified as leaving the scene shortly after the robbery occurred. Approximately thirty minutes later, as a result of police radio broadcasts, a red automobile bearing Maryland license tags DY 6318 was halted by a police roadblock near Randolph Village in Prince George's County. A number of gunshots were exchanged between the police and the occupants of the automobile. The appellants Hamilton and Fletcher were occupying the automobile at the time it was stopped, along with their co-defendant Nichols. Eighteen thousand dollars was recovered from the vehicle. An additional $19,000 was recovered from the person of the appellant Fletcher." 12 Md. App. at 93.

Unquestionably, a split of authority exists among the jurisdictions in this country as to whether the theory of "continuing larceny" is a valid concept. Those jurisdictions that do not recognize the doctrine, view the perpetrator of the larceny which occurred in the other state as a fugitive from justice from that state who should be dealt with by way of extradition. See 52A C.J.S. *Larceny,* §§ 69 and 50; and 50 Am.Jur.2d *Larceny,* §§ 113, 114, 115. However, our predecessors early agreed with the view expressed in 50 Am.Jur.2d, § 114, p. 290, that, "* * * one of the common-law incidents of simple larceny is that it is ambulatory in nature, * * * and is a continuing offense while the thief retains possession of the stolen goods, or that there is a continuing trespass and asportation every moment he does so pursuant to the felonious intent." In *Worthington v. State,* 58 Md. 403 (1882), this Court stated, * * * "[T]he act of bringing such stolen goods into this State is, as we have already stated, a new larceny for which the party may be in-

dicted in the Courts of this State and punished. * * *"
58 Md. 409.

While this Court has not had occasion to directly review the "continuing larceny" doctrine since our predecessors decided *Worthington* some 90 years ago, the Court of Special Appeals has had occasion to confirm its vigor in *Hamilton and Fletcher, supra; Lehr v. State,* 2 Md. App. 776, 237 A. 2d 529 (1968) ; and *Gamble v. State,* 2 Md. App. 271, 234 A. 2d 158 (1967). It would serve little purpose for us to reiterate the spate of authorities cited by Judge Moylan in *Hamilton and Fletcher.* It suffices to say that we agree with the views expressed in that opinion and that the doctrine of "continuing larceny" is still viable in this State. We would add, that this appears to be in accord with the weight of authority in this country; *Larceny in Other State or Country,* 156 A.L.R. 865-866.

It was early held by the federal courts that the application of the doctrine of "continuing larceny" was a valid legal principle, as the original act of larceny was against one sovereign jurisdiction and the asportation of the stolen goods into another jurisdiction constituted a new offense against the latter jurisdiction. *U.S. v. Tolston,* 1 Cranch C. C. 269, 28 Fed. Cas. 200 (1803) ; *U.S. v. Haukey,* 2 Cranch C. C. 65, 26 Fed. Cas. 227 (1812) ; *U.S. v. Mason,* 2 Cranch C. C. 410, 26 Fed. Cas. 1196 (1823) ; *Cf.* however, *Brown v. United States,* 35 App. D. C. 548 (1910), which held to the contrary. While we find no case where the United States Supreme Court had the issue of the "continuing larceny" doctrine before it, yet, we note that in the case of *Newlon v. Bennett,* 112 N.W.2d 884 (Ia. 1962), where the facts were quite similar to the case at bar, the Supreme Court denied certiorari. *Newlon v. Bennett,* 369 U. S. 658, 8 L.Ed.2d 274, 82 S. Ct. 1037 (1962). In our opinion, the need for the retention of the doctrine of "continuing larceny" becomes more evident as the mobility of our society increases.

*Judgments affirmed.*