PEOPLE v LINDSEY

Docket No. 30796. Submitted March 7, 1978, at Grand Rapids.—Decided April 5, 1978.

Wendell W. Lindsey was convicted of arson in Luce Circuit Court, William F. Hood, J. On appeal, defendant questions the sufficiency of the evidence upon which the jury found him guilty. *Held:*

Mere opportunity of a defendant to commit arson is insufficient to support a conviction of arson where there is no evidence that the defendant had a motive to burn and where the evidence demonstrates that others also had opportunity to start the fire.

Reversed.

1. ARSON—OPPORTUNITY—CONVICTION—WILFUL AND MALICIOUS.

Mere opportunity of a defendant to commit arson is insufficient to support a conviction of arson; to obtain a conviction under the statute it is necessary to show that a dwelling house was burned by, or at the urging of, or with the assistance of, the defendant and that the fire was wilfully or maliciously set (MCL 750.72; MSA 28.267).

2. ARSON—EVIDENCE—OPPORTUNITY—MOTIVE.

Mere opportunity to commit arson, unaccompanied by indication of motive, is insufficient evidence to support an arson conviction where it is equally plausible that the fire was started by others who also had an opportunity.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James P. Hoy,* Prosecuting Attorney (by *Keith D. Roberts,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Lawrence Baron,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arson and Related Offenses §§ 46, 47, 52.

Before: M. F. CAVANAGH, P. J., and D. E. HOL-BROOK, and BEASLEY, JJ.

PER CURIAM. Defendant was convicted by a jury of arson.[1] After sentence, he appeals by right.

On appeal, defendant raises five issues, only one of which has any merit.

Although defendant frames the issue somewhat differently, the real question is: Was there sufficient evidence upon which the jury could find the defendant guilty beyond a reasonable doubt?

Mere opportunity of a defendant to commit arson is insufficient to support a conviction of arson.[2] To obtain a conviction under the statute, it is necessary to show that a dwelling house was burned by, or at the urging of, or with the assistance of, the defendant and that the fire was wilfully or maliciously set.[3]

In the within case, there was expert testimony that the fire was started by human means with the use of an accelerant such as paper. But, from that testimony, an inference that the fire was negligently started by defendant or defendant's wife or defendant's friend appears equally as plausible as the prosecution's inference that the fire was wilfully and maliciously set by the defendant. There was no evidence that defendant had a motive to burn his rented house trailer.

The total evidence offered by the prosecution indicates mere opportunity to commit arson. Unaccompanied by indication of a motive, there is insufficient evidence here to support the guilty verdict.

Reversed.

---

[1] MCL 750.72; MSA 28.267.

[2] *People v Smock,* 63 Mich App 610; 234 NW2d 728 (1975).

[3] *People v Davis,* 34 Mich App 678; 192 NW2d 76 (1971).