# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CLIFFORD ANTHONY SCHOENING,

        Defendant-Appellant.

UNPUBLISHED
January 3, 2019

No. 337779
Jackson Circuit Court
LC No. 16-004358-FC

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right his conviction of first-degree arson, MCL 750.72; second-degree home invasion, MCL 750.110(a)(3); and resisting and obstructing a police officer, MCL 750.81(d)(1). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for first-degree arson; 25 to 50 years' imprisonment for second-degree home invasion; and to 5 to 15 years' imprisonment for resisting and obstructing a police officer. We affirm.

## I. Statement of Facts

This case arises from a fire that was started on March 21, 2016. That day, defendant broke through the attic floor of an apartment complex and descended through the ceiling into a vacant apartment unit. There, defendant started the fire by removing drawers from a built-in cabinet, placing one of the drawers on top of the stove, and turning on the burners. The structure itself was not burned, but several items and fixtures in the kitchen were damaged. Although no one was injured, several tenants were inside the apartment complex when defendant started the fire.

Several days later, a tenant saw a mysterious man, later identified as defendant, in the hallway holding a shoe that was on fire. When the tenant confronted defendant, defendant ran into the attic and hid. The tenant then had a neighbor call the police while both men stood guard at the door to the attic, ensuring that defendant could not escape. When the police arrived, they saw defendant huddled in an unfinished corner of the attic. When they ordered him to come out, he broke through the floor of the attic and fell through the ceiling of the apartment below, the same apartment where he had previously set the fire. When police entered the apartment they found defendant had barricaded himself in the bathroom he had fallen into. The police had to kick in the door and drag defendant from the bathroom. He was then arrested.

-1-

After defendant was convicted and sentenced as outlined above, defendant filed a motion for remand for a *Ginther*[1] hearing and for sentencing reconsideration. This Court granted defendant's motion limited to the *Ginther* hearing.[2] The trial court held a *Ginther* hearing and denied defendant's motion.

Defendant raises three issues on appeal. First, defendant challenges whether there was sufficient evidence presented at trial to prove beyond a reasonable doubt that he intended to start the fire. Second, defendant challenges whether he received the effective assistance of counsel due to defense counsel's failure to request an independent criminal responsibility evaluation, failure to call certain witnesses, and alleged improper performance during the plea process. Third, defendant challenges whether his sentence was reasonable.

II. Argument

A. Sufficiency of the Evidence

Defendant first claims that there was insufficient evidence to support his conviction of first-degree arson. A defendant's challenge to the sufficiency of the evidence is reviewed de novo. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). All evidence is viewed in the light most favorable to the prosecution and we must determine "whether any rational trier of fact could have found that the essential elements of the crime charged were proven beyond a reasonable doubt." *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003) (quotation marks and citation omitted; alteration in original). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Moreover, this Court will not interfere with the jury's role of "decid[ing] the weight and credibility" given to a witness's testimony. *Id*. at 431 (quotation marks and citation omitted).

Pursuant to MCL 750.72(1)(a), a person is guilty of first-degree arson if that person:

[W]illfully or maliciously burns, damages, or destroys by fire or explosive any of the following or its contents . . . :

(a) A multiunit building or structure in which 1 or more units of the building are a dwelling, regardless of whether any of the units are occupied, unoccupied, or vacant at the time of the fire or explosion.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Schoening*, unpublished order of the Court of Appeals, entered November 28, 2017 (Docket No. 337779).

Thus, the prosecution must prove beyond a reasonable doubt that (1) "a dwelling house was burned by . . . the defendant," and (2) "that the fire was willfully or maliciously set." *People v Lindsey*, 83 Mich App 354, 355; 268 NW2d 41 (1978). To prove that the fire was willfully or maliciously set, the prosecution must prove either "that the defendant intended to . . . [start] a fire or [do] an act that results in the starting of a fire," or, "that the defendant intentionally committed an act that created a very high risk of burning a dwelling house, and that, while committing the act, the defendant knew of the risk and disregarded it . . . " *People v Nowack*, 462 Mich 392, 409; 614 NW2d 78 (2000).

At trial, defendant testified that he brought the built-in cabinet drawers into the kitchen, set one of the drawers on top of the stove, and intentionally turned on the stove's burners. Several witnesses noted that some type of paper was found on top of the stove, as if it had been used as an accelerant to help ignite the flame. In addition, the refrigerator had been moved so that it blocked the kitchen entrance. Detective Holly Rose of the Jackson City Police Department, who was trained in arson investigations, testified that, in her opinion, the fire appeared to have been set intentionally[3]. Two residents testified that, several days after the fire, they saw defendant in the apartment complex holding a burning shoe. Although this evidence is circumstantial, circumstantial evidence and reasonable inferences may be sufficient to prove the elements of a crime. See *McKinney*, 258 Mich App at 165. Although defendant challenges the strength of this evidence, this Court will not interfere with the jury's role of determining the weight of the evidence or credibility of witnesses. See *id*. Reviewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have concluded beyond a reasonable doubt that defendant was guilty of first-degree arson within the meaning of MCL 750.72.

### B. Ineffective Assistance of Counsel

Defendant next claims that he was denied the effective assistance of counsel. "Whether a defendant received ineffective assistance of trial counsel presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). Factual findings, if any, are reviewed for clear error. *Id*. "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (quotation marks and citation omitted). Questions of constitutional law are reviewed de novo. *Id*.

A defendant claiming ineffective assistance of counsel must demonstrate that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted). To prove that counsel's performance was deficient, defendant must show that counsel's performance fell "below an objective standard of reasonableness under prevailing professional norms . . . " *People v Rice (On Remand)*, 235 Mich App 429, 444; 597 NW2d 843 (1999). Therefore, "defendant must overcome a strong presumption that the assistance of his

---

[3] This Court additionally notes that it should be an obvious deduction even to a non-expert that someone intentionally placing wooden drawers on an open flame likely intended to start a fire.

counsel was sound trial strategy." *Id*. To prove that defense counsel's performance prejudiced the defense, defendant must show "a reasonable probability that, but for counsel's error," the outcome of the trial would have been different. *Carbin*, 463 Mich at 600. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 600 (quotation marks and citation omitted).

Defendant argues that he was denied the effective assistance of counsel because defense counsel failed to request an independent criminal responsibility evaluation for defendant, failed to call certain witnesses, and was deficient during the plea process. At the conclusion of the *Ginther* hearing, the trial court rejected all of defendant's claims and found that defendant was not denied the effective assistance of counsel. By rejecting defendant's claims, the trial court necessarily found defense counsel's testimony more credible. "Credibility is a matter for the trial court, as the trier of fact, to decide." *People v Fetterley*, 229 Mich App 511, 545; 583 NW2d 199 (1998). There is nothing on the record that would leave this Court with a definite and firm conviction that the trial court erred in finding defense counsel's testimony more credible. See *Miller*, 482 Mich at 544.

Defendant's claim that he was denied the effective assistance of counsel because of defense counsel's failure to request an independent criminal responsibility evaluation is without merit. At the *Ginther* hearing, defense counsel testified that, at the time he took on defendant's case, defendant had already been evaluated by the Center for Forensic Psychiatry. He further testified that, based on the conclusions of that evaluation and his own interactions with defendant, he believed that an independent evaluation would not have been helpful. Based on these considerations, defense counsel's strategic decision not to request an independent criminal responsibility evaluation for defendant was not objectively unreasonable. See *Rice (On Remand)*, 235 Mich App at 444.

This Court has obtained and read the Forensic Center report and finds no grounds for an independent evaluation. Although defendant did report his prior psychiatric diagnoses to the Forensic Center, the evaluation found no evidence of a current psychotic break or any other phenomenon that would remove defendant's culpability. Rather, it was apparent that defendant's symptoms had been greatly exacerbated by his consumption of a considerable quantity of methamphetamines, and "he functions quite well" when abstinent from illicit drugs. Voluntary consumption of controlled substances does not constitute legal insanity. MCL 768.21a. For these reasons, the trial court did not err in finding that defense counsel's failure to request an independent evaluation did not constitute ineffective assistance of counsel.

Defendant next claims that defense counsel's performance was deficient because defense counsel failed to call certain witnesses whose testimony could have influenced the outcome of the trial. This argument is not persuasive. According to defendant, defense counsel failed to call defendant's uncle, Gary Rexroad, and defendant's former fiancée, Sabrina Blaney, as witnesses. However, at the *Ginther* hearing, defense counsel testified that defendant never asked him to call Rexroad or Blaney as witnesses. Although defendant offered conflicting testimony, the trial court was free to find defense counsel more credible. See *Fetterley*, 229 Mich App at 545. Moreover, "[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Defense counsel could have reasonably believed that testimony from

-4-

these individuals would not have benefitted defendant's case. "[T]his Court will not second-guess counsel regarding matters of trial strategy . . . " *Rice (On Remand)*, 235 Mich App at 445.

Finally, defendant claims that he was denied the effective assistance of counsel because defense counsel rejected a plea offer on defendant's behalf without properly explaining defendant's exposure if he lost at trial. We find this argument is without merit. At the *Ginther* hearing, defendant and defense counsel provided conflicting testimony about their discussions during the plea process. However, the trial court found defense counsel's testimony more credible. See *Fetterley*, 229 Mich App at 545. Having reviewed the record, we are not left with a definite and firm conviction that an error was made. See *Miller*, 482 Mich at 544.

The record reflects that the prosecutor never made an official plea offer. Moreover, any offer the prosecutor did discuss with defense counsel was conditioned on further approval from the prosecutor's supervisor. According to defense counsel, he discussed each potential offer with defendant as well as the possible outcomes of each as compared with going to trial. For these reasons, the trial court did not err in finding that defense counsel's performance during the plea process did not deny defendant the effective assistance of counsel.

C. Defendant's Claim That His Sentence is Unreasonable.

Defendant's final claim is that his sentence of 25 to 50 years' imprisonment was unreasonable. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion when it "chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). According to the "principle of proportionality standard" set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), "a sentence must be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017) (quotation marks and citation omitted). "Generally, sentences falling within the minimum sentencing guidelines range are presumptively proportionate." *Id*. at 238.

In this case, defendant does not dispute that the guidelines sentencing range was 120 to 420 months' imprisonment. The trial court sentenced defendant to a minimum of 25 years' imprisonment; i.e., 300 months. Sentencing guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . " *Steanhouse (On Remand)*, 322 Mich App at 239 (quotation marks and citation omitted). Because the minimum sentence of 25 years' imprisonment falls within the sentencing guidelines range, it is presumed to be proportionate. See *Steanhouse (On Remand)*, 322 Mich App at 238. Clearly, defendant has a history of mental illness and substance abuse issues that require psychological and psychiatric intervention. However, this cannot affect our analysis of reasonability. Defendant was found competent to stand trial and therefore is held to the same standards as any other criminal defendant. Whether such a sentence in the Department of Corrections is in the best interests of society or the state is a

decision left to the legislature and not properly before this Court. Defendant has failed to show that his sentence was unreasonable and the trial court did not abuse its discretion in sentencing defendant.

Affirmed.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause