## PEOPLE v SHRADER

Docket No. 77-4394. Submitted November 1, 1978, at Lansing.—Decided February 21, 1979.

Carl J. Shrader was convicted of second-degree murder in Monroe Circuit Court, C. Ralph Kohn, J. On appeal, defendant claims the trial court's refusal to exercise its discretion relative to defendant's pretrial motion to suppress reference to his prior convictions at trial was error. *Held:*

Defendant's pretrial motion to suppress reference to his prior convictions at trial was denied as being premature but defense counsel was clearly advised that he was not precluded from raising the motion again at the time of trial. The matter was never raised either before or during defendant's three-day trial; this is tantamount to abandonment and although a trial court is required to exercise its discretion and it is error to fail or refuse to exercise this discretion in deciding a motion to suppress reference to prior convictions, there can be no abuse of discretion where the trial court's discretion has not been invoked.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE — DISCRETION — PRIOR CONVICTIONS — APPEAL AND ERROR.

Generally, where a defendant moves to exclude reference to his prior convictions, the trial court may in the exercise of discretion preclude such reference; the court is required to positively indicate and identify its exercise of discretion and it is error to fail or refuse to exercise this discretion.

2. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE — PRIOR CONVICTIONS — DISCRETION — FAILURE TO PRESERVE ISSUE.

The issue of reference to a defendant's prior convictions during trial is abandoned where his pretrial motion to suppress was denied as premature but defense counsel was clearly advised that he was not precluded from raising the motion again at the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 601, 602, 772, 773.
29 Am Jur 2d, Evidence § 320 *et seq.*

time of trial and the matter was never again raised before or during a three-day trial; there can be no abuse of discretion where the trial court's discretion has not been invoked.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *Robert W. Kehres,* Assistant Prosecuting Attorney, for the people.

*Scibetta & Adrahtas, P.C.,* for defendant on appeal.

Before: M. J. KELLY, P.J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of second-degree murder, in violation of MCL 750.317; MSA 28.549. He was sentenced to a prison term of 40 to 60 years and appeals now by right.

Of the five issues raised on appeal, only one merits discussion. This is defendant's claim of error in the trial court's refusal to exercise its discretion relative to defendant's pretrial motion to suppress reference to his prior convictions.

Two and one-half months in advance of trial defendant filed a motion requesting the trial court to suppress use of his prior convictions should he take the stand at trial. At that time, the court denied the motion for the reason that it was premature.[1] Defense counsel was clearly advised that he was not precluded from raising the motion

---

[1] Because of the state of this record, we express no comment on the court's premising its denial on prematurity. We do note, however, that when the requisite information is available, a ruling by the court in advance of trial, in addition to providing early clarification of the ground rules to both the prosecution and the defense, should also facilitate the conduct of the trial. Defense counsel and prosecutors should be encouraged to bring such motions in advance of trial, enabling the trial court to exercise its discretion under less hectic and more thoughtful circumstances.

again at the time of trial.[2] The matter was, however, never again raised either before or during the three-day trial.

In general, where the defendant moves to exclude reference to his prior convictions, the trial court may in the exercise of discretion preclude such reference. It is error to fail or refuse to exercise this discretion. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971). The court is required to positively indicate and identify its exercise of discretion. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). In the present case defense counsel simply failed to mention the issue during the three-day trial; this is tantamount to abandonment of the issue. There can be no

---

[2] "THE COURT: Well, first of all, taking of the motion to require that any prior convictions of Defendant be suppressed at a jury trial, I have never been confronted with a motion of this nature at this stage of the trial. We have had discussions prior to trial whether or not the Court is going to permit the prior convictions to be used for impeachment, but this motion is asking the Court to right at this point give a blanket permission to the Defendant to indicate to him that he can take the stand. I think that is the purpose of the motion. He wants to take the stand, but he does not want any of the convictions to be inquired into.

"Number one, I do not know what his prior convictions are at this stage of the game. Furthermore, even if I did, there is no way, I think, that the Court can justifiably grant the motion, because it is a matter of discretion with the Court. During the course of the trial if there comes a time when certain prior convictions become, let's say, more probative than prejudicial, the Court has a right at that time to rule on it, whether or not it is going to be let in. It is purely discretionary. I do not propose to exercise that discretion at this time. Motion is denied.

"MR. GARRETT: But I can raise that again; is that correct?

"THE COURT: Absolutely. You are not precluded.

"MR. GARRETT: I would want to point out for the Court the reason why I did file the motion now is that I believe under the *Jackson* principle one must file those motions in advance of trial. I thought it would be best to get it before the Court at this point.

"THE COURT: Fine. If you are suggesting that during trial there comes a time when you want to move to suppress an individual conviction, or something of that nature comes up, you are not precluded by my ruling here now, no."

abuse of discretion where the trial court's discretion has not been invoked in the first place. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974), *People v Jones,* 44 Mich App 633, 638; 205 NW2d 611 (1973).

Finding no merit in the remaining issues, we affirm the conviction.