PEOPLE v RICE (ON REMAND)

Docket No. 200228. Submitted January 27, 1999, at Lansing. Decided May 4, 1999, at 9:00 A.M. Leave to appeal sought.

Benjamin Rice was convicted by a jury in the Berrien Circuit Court, Ronald J. Taylor, J., of second-degree murder, assault with intent to commit murder, and two counts of possession of a firearm during the commission of a felony. The defendant was sentenced as a second-offense habitual offender to two years of imprisonment for each of the felony-firearm convictions and to life imprisonment for the second-degree murder conviction and for the assault conviction. The felony-firearm sentences are to precede and be consecutive to the sentences for second-degree murder and for assault, as well as to the sentence from which the defendant had been on parole at the time of the offenses involved in this case. The sentences of life imprisonment are to be concurrent with one another, as well as with the sentence for which the defendant had been on parole. The defendant appealed, raising seven issues, including the claim that the trial court erred in denying a request he made the day before trial to discharge his court-appointed counsel and to proceed in propria persona. The Court of Appeals, MARKEY, P.J., and GRIFFIN and WHITBECK, JJ., reversed and remanded for a new trial, holding that the trial court failed to create a record or substantially comply with the requirements of *People v Anderson*, 398 Mich 361 (1976), and MCR 6.005(D) relative to the defendant's request for self-representation. 231 Mich App 126 (1998). The Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and reinstated the judgment of the trial court, stating that the record does not establish that the defendant made an unequivocal request to represent himself that was knowing, intelligent, and voluntary or that self-representation would not have been disruptive or unduly burdensome. 459 Mich 896 (1998). On reconsideration, the Supreme Court modified its previous order to remand the case to the Court of Appeals for consideration of the six issues not addressed by the Court of Appeals in its initial review of the case. 459 Mich 924 (1998).

On remand, the Court of Appeals *held*:

1. The prosecution in referring during closing argument to the defendant's silence, hanging his head down, and crying in response

to police questioning after he had waived his rights under *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), did not engage in misconduct that deprived the defendant of a fair trial. Such nonverbal conduct by the defendant did not constitute a revocation of the waiver of the right to remain silent or an invocation of the right to remain silent.

2. The prosecution in introducing evidence of the defendant's drug use, possession of a concealed weapon, and taking of a videocassette recorder did not interject evidence beyond that which was relevant at trial.

3. The defendant, by not moving for the exclusion of evidence of his prior convictions of armed robbery and unarmed robbery, failed to preserve for appellate review the claim that the prosecution had improperly impeached him with the evidence.

4. The trial court did not abuse its discretion in admitting evidence of the defendant's drug use, carrying a concealed weapon, and taking of a videocassette record. The challenged evidence was admissible under MRE 404(b)(1) as evidence of other acts. The evidence was offered for the proper purpose of showing motive, was relevant, and its probative value was not substantially outweighed by its potential for unfair prejudice.

5. Rebuttal testimony offered by the prosecution to contradict the defendant's denials of culpability was properly introduced. The rebuttal testimony contradicted the defendant's testimony on direct examination, not cross-examination. The prosecution therefore did not elicit a denial during cross-examination in order to inject a new issue that could have been raised in its case in chief.

6. The failure of the trial court to instruct the jury pursuant to CJI2d 4.11 regarding the proper consideration of other-acts evidence, MRE 404(b), does not warrant a reversal. In the absence of a request by the defendant for the instruction, appellate review is foreclosed absent manifest injustice. Manifest injustice occurs when an erroneous or omitted instruction pertained to a basic and controlling issue in the case. Here, the omitted instruction did not pertain to a basic and controlling issue. Thus, manifest injustice is not present in this case.

7. The defendant was not denied effective assistance of counsel at trial on the basis of counsel's failure to request CJI2d 4.11. The defendant failed to overcome the presumption that counsel employed sound trial strategy in downplaying defendant's prior conduct and motive for the instant offenses.

8. The defendant is not entitled to a resentencing. The sentences imposed were proportionate, and the record indicates that the trial court considered appropriate factors in determining the sentences

imposed and was cognizant of the information in the presentence report.

Affirmed.

1. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT — REMARKS — APPEAL.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial; issues of prosecutorial misconduct are decided case by case, and the reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context to determine whether the defendant was denied a fair and impartial trial.

2. CRIMINAL LAW — RIGHT TO REMAIN SILENT — REVOCATION OF WAIVER OF RIGHT — INVOCATION OF RIGHT — NONVERBAL CONDUCT.

A defendant who has waived the right to remain silent during a police interrogation does not revoke the waiver or invoke the right by engaging in nonverbal conduct such as hanging the head down, nodding, or crying during the interrogation.

3. CRIMINAL LAW — EVIDENCE OF OTHER ACTS.

Evidence of other acts may be admitted if it is offered for a proper purpose, it is relevant to an issue or fact of consequence at trial, and its probative value is not substantially outweighed by its potential for unfair prejudice (MRE 404[b][1]).

4. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

A defendant's failure at trial to object to an erroneous jury instruction or to request an instruction forecloses appellate review absent manifest injustice; manifest injustice occurs when an erroneous or omitted instruction pertained to a basic and controlling issue in the case.

5. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL.

A defendant claiming ineffective assistance of counsel must establish that the performance of counsel was below an objective standard of reasonableness under prevailing professional norms and that a reasonable probability exists that, but for counsel's unprofessional error, the outcome of the proceedings would have been different; a defendant must overcome a strong presumption that the assistance of counsel was sound trial strategy.

6. SENTENCES — CRITERIA — OBJECTIVES.

A sentencing court must articulate on the record the criteria considered and the reasons supporting its decision regarding the length and nature of the sentence; the factors considered in imposing sentence should be balanced with the objectives of reforming the

offender, protecting society, punishing the offender, and deterring others from committing like offenses.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Angela Pasula*, Prosecuting Attorney, and *Aaron J. Mead*, Assistant Prosecuting Attorney, for the people.

*Martin J. Beres*, for the defendant on appeal.

ON REMAND

Before: Markey, P.J., and Griffin and Whitbeck, JJ.

Griffin, J. In our prior decision, *People v Rice*, 231 Mich App 126; 585 NW2d 331 (1998), rev'd 459 Mich 896 (1998), remanded 459 Mich 924 (1998), we reluctantly reversed and remanded for a new trial only because we were compelled do so pursuant to the precedent of *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976). Were we permitted, we would have followed the rule of the majority of other jurisdictions in holding "that a defendant's request to represent himself must be made in a timely manner or else the defendant relinquishes the unconditional right to represent himself and the matter then rests in the discretion of the trial court." See anno: *Accused's right to represent himself in state criminal proceedings—Modern state cases*, 98 ALR3d 13, § 15, p 68, and cases cited therein.

In *Anderson, supra* at 367-368, our Supreme Court held that upon a defendant's initial request to proceed pro se, the trial court must determine that (1) the defendant's request is unequivocal, (2) the right has been asserted knowingly, intelligently, and voluntarily by advising the defendant of the dangers and disadvantages of self-representation, and (3) the defend-

ant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business. See also *People v Dennany*, 445 Mich 412; 519 NW2d 128 (1994) (opinion by GRIFFIN, J.).

Later, in *People v Adkins (After Remand)*, 452 Mich 702, 723, 726-727; 551 NW2d 108 (1996), the Supreme Court held that a judicial inquiry substantially in compliance with *Anderson* was required whenever the trial court was confronted with an initial request for self-representation:

> This Court expects that judges will create a record that establishes the trial court's compliance with the court rules and *Anderson* during the initial waiver process.
>
> *     *     *
>
> We hold, therefore, that trial courts must substantially comply with the aforementioned substantive requirements set forth in both *Anderson* and MCR 6.005(D). Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures. The nonformalistic nature of a substantial compliance rule affords the protection of a strict compliance rule with far less of the problems associated with requiring courts to engage in a word-for-word litany approach.

In the present case, the trial court did not create a record or substantially comply with *Anderson* and MCR 6.005(D). See *Rice, supra* at 231 Mich App 129-130. Although we urged the Supreme Court to adopt a timeliness requirement for asserting the right of self-representation, we recognized that to date our Supreme Court has upheld the appropriateness of a request for self-representation made on the eve or

day of trial. See *Anderson, supra,* and *Adkins, supra.* We reversed and remanded for a new trial on the basis that pursuant to *Anderson* and *Adkins* defendant was denied his right of self-representation. In view of our disposition, we found it unnecessary to address the other issues raised by defendant. *Rice, supra* at 138.

In an order dated November 10, 1998, the Supreme Court reversed our decision:

> In lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed, and the judgment of the Berrien Circuit Court is reinstated. MCR 7.302(F)(1). *The record does not establish that defendant made an unequivocal request to represent himself that was knowing, intelligent, and voluntary, nor* did the illiterate defendant's brief mention of the subject suggest *that self-representation would not be disruptive or unduly burdensome.* [*People v Rice,* 459 Mich 896 (1998) (emphasis added).]

Thereafter, in response to defendant's motion for reconsideration, the Court modified its previous order "so as to remand the case to the Court of Appeals for consideration of the six issues not addressed by that Court during its initial review of this case." *Rice, supra* at 459 Mich 924.

In accordance with the Supreme Court's directive, we now address defendant's other issues. After doing so, we affirm defendant's convictions and sentences.

I

Defendant alleges that he was denied his right to a fair trial by several instances of prosecutorial misconduct. We disagree.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People*

*v Paquette*, 214 Mich App 336, 342; 543 NW2d 342 (1995). Prosecutorial misconduct issues are decided case by case, and the reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context to determine whether the defendant was denied a fair and impartial trial. *People v Legrone*, 205 Mich App 77, 82-83; 517 NW2d 270 (1994).

Defendant first argues that although he had been *Mirandized*[1] and had already answered some police questions, his subsequent silence in the interviews with police constituted an invocation of his right to remain silent. Defendant alleges that the prosecutor improperly introduced testimony at trial regarding this silence and argued in closing that the jury should infer defendant's guilt from his nonverbal conduct during police questioning.

Defendant did not tender a specific objection at trial to the prosecutor's conduct in offering this evidence or the prosecutor's closing remarks. Thus, review is foreclosed unless the prejudicial effect of the comments was so great that it could not have been cured by an appropriate instruction or a failure to review the issue would result in a miscarriage of justice. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

Our Supreme Court has held that *Doyle v Ohio*, 426 US 610; 96 S Ct 2240; 49 L Ed 2d 91 (1976), proscribes the use of a defendant's post-*Miranda* silence because it would violate due process to so impeach a defendant who may have been relying on the governmental assurance that his silence would not be used

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

against him. *People v Sholl*, 453 Mich 730, 736-737; 556 NW2d 851 (1996). However, in *People v McReavy*, 436 Mich 197, 217-220; 462 NW2d 1 (1990), the Court further held as follows:

> If the defendant had refused to say anything after being given his *Miranda* warnings, testimony about that refusal would have been improper. *Miranda, supra* at 468, n 37. The relevant inquiry is first whether the defendant has remained silent. If so, there is an irrebuttable presumption of irrelevancy, and such silence may not be used substantively or for impeachment purposes since there is no way to know after the fact whether it was due to the exercise of constitutional rights or to guilty knowledge. Where the defendant has not maintained "silence," but has chosen to speak, the Court has refused to endorse a formalistic view of silence. *Anderson, Warden v Charles*, 447 US 404; 100 S Ct 2180; 65 L Ed 2d 222 (1980).
>
> . . . In situations where a defendant voluntarily waives his Fifth Amendment right to be silent, makes some statements, and then fails to respond to other questions, the focus of the inquiry is whether the defendant is now manifesting either a total or selective revocation of his earlier waiver of Fifth Amendment rights and whether that revocation is induced by the implicit assurances contained in the *Miranda* warnings. If it is concluded that a defendant's lack of response constituted invocation of the right to remain silent which was induced by the government, the failure to respond would again present the "insoluble" ambiguity that *Doyle* forbids. . . .
>
> We have found no authority for the proposition that a defendant's nonverbal conduct during interrogation, after a valid waiver of the right to remain silent, is an exercise of that Fifth Amendment right to remain silent or that the "description of partial silence" in such a setting is an error of constitutional dimension.

The *McReavy* Court further indicated that if a defendant "manifested a total revocation of his earlier

waiver" or "answered several questions and then invoked his right to remain silent," the prosecutor would not be entitled to introduce evidence of that silence at trial or to comment on it during summation. *Id.* at 218-219, ns 22 and 23.

In the instant case, defendant waived his Fifth Amendment rights at the outset of each interrogation. In the first interview, defendant made some statements, stopped talking, and hung his head down, and then again responded to questioning. In the second interview, after waiving his rights, defendant merely looked down, nodded, and cried. There is no evidence of record that during either interview defendant verbally invoked his Fifth Amendment right to remain silent or stated that he did not care to answer any further questions, except when he requested a halt to the interview, which the officers granted. We conclude that the present circumstances do not present the "insoluble" ambiguity forbidden by *Doyle*. *McReavy, supra*. Therefore, the officers' testimony concerning defendant's nonverbal conduct and silence was not improper commentary on constitutionally protected silence. *Id.* Accordingly, the prosecutor did not engage in improper conduct by offering this evidence.

For these reasons, the prosecutor's closing arguments regarding defendant's nod of his head and outburst of crying were likewise permissible. The prosecution is free to relate to the jury the facts adduced at trial and all reasonable inferences arising therefrom. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Consequently, this unpreserved alleged error does not warrant further review. *Stanaway, supra*.

Defendant cites further prosecutorial misconduct in the form of the alleged deliberate interjection of evidence beyond the issues relevant to those at trial. We find no error in this regard.

A defendant's right to a fair trial may be violated when the prosecutor interjects issues broader than the guilt or innocence of the accused. *People v Rohn*, 98 Mich App 593, 596; 296 NW2d 315 (1980). However, the evidence allegedly improperly introduced, including defendant's drug use, possession of a concealed weapon, and taking of a VCR were all properly admitted pursuant to MRE 404 (see discussion, *infra*); therefore, the prosecutor did not engage in misconduct by introducing this evidence.

Evidence that defendant brandished a gun at another house shortly before the crimes in question occurred was similarly properly introduced by the prosecutor. This relevant testimony established defendant's possession of a gun of the same caliber as that used shortly thereafter in the murder and supported the prosecution's theory that at the time of the instant offenses, defendant had engaged in a tirade to obtain drugs.

Defendant also alleges that the prosecutor improperly impeached defendant with evidence of his prior armed and unarmed robbery convictions. Defendant did not object to the introduction of this evidence or to the prosecutor's argument in this regard. Generally, where a defendant moves to exclude reference to his prior convictions, the trial court may in the exercise of its discretion preclude such reference, and it is error to fail or refuse to exercise this discretion. *People v Shrader*, 88 Mich App 680, 682; 279 NW2d 47 (1979). However, there can be no abuse of discretion

where the trial court's discretion has not been invoked in the first place. *Id.* at 682-683. See also *People v Holt*, 54 Mich App 60, 62; 220 NW2d 205 (1974). This argument therefore has not been properly preserved for our review.

II

In a related argument, defendant contends that the trial court abused its discretion by admitting other-acts evidence, including defendant's drug use, carrying a concealed weapon, and committing an armed robbery to obtain a VCR. We disagree.

The admissibility of other-acts evidence is within the trial court's discretion. *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998); *People v Catanzarite*, 211 Mich App 573, 579; 536 NW2d 570 (1995). An abuse of discretion will be found only when an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling made. *People v Underwood*, 184 Mich App 784, 786; 459 NW2d 106 (1990).

Under MRE 404(b)(1),[2] evidence of other acts may be admitted if (1) it is offered for a proper purpose, (2) it is relevant to an issue or fact of consequence at

---

[2] MRE 404(b)(1) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

trial, and (3) its probative value is not substantially outweighed by its potential for unfair prejudice. *Crawford, supra* at 385; *People v VanderVliet,* 444 Mich 52, 74-75; 508 NW2d 114 (1993), mod 445 Mich 1205 (1994). A proper purpose is one other than establishing the defendant's character to show his propensity to commit the offense. *Crawford, supra* at 390.

In this case, the prosecutor's theory was that the confrontation involving the VCR, which occurred at another nearby location just before the shooting, was part of the same transaction as the shooting and was the result of defendant's attempt to procure money to buy drugs, the denial of which was his motive for taking the VCR and for intentionally killing the victim.

Proof of motive in a prosecution for murder, although not essential, is always relevant, *People v Fair,* 165 Mich App 294, 299; 418 NW2d 438 (1987), and evidence of other acts to prove motive is admissible under MRE 404(b)(1). *People v Hoffman,* 225 Mich App 103, 105; 570 NW2d 146 (1997). Defendant's taking of the VCR, which defendant erroneously alleges was depicted by the prosecutor as an armed robbery, was highly probative of motive and opportunity. This is particularly true where evidence of the other acts is admissible as long as logical relevance is shown—the existence of some intermediate fact, bridging the gap between that act and the charged act. *People v Engelman,* 434 Mich 204, 216; 453 NW2d 656 (1990).

In this case, the intermediate fact linking the VCR incident to the shooting in question was, pursuant to the prosecutor's motive theory, defendant's quest for money to purchase drugs. Both transactions, proxi-

mate in time, culminated in retaliation for failure to pay defendant money that was owed to him and occurred amidst indications that defendant wanted the money to purchase drugs. Evidence of defendant's possession of the gun is relevant because defendant had the gun during both confrontations and used it to exact retribution for the refusal to pay money owed to him. Because the murder weapon was never found, the fact that defendant had a .32 caliber automatic handgun when he took the VCR was probative regarding whether defendant owned or possessed a weapon of the same type shown to have been used at the scene of the murder. In any event, possession of the gun was relevant to the felony-firearm charges. Evidence that is admissible for one purpose is not inadmissible where its uses for a different purpose is precluded. *VanderVliet, supra* at 73.

Finally, the probative value of this evidence is not substantially outweighed by a danger of undue prejudice under MRE 403. Prejudice inures when marginally probative evidence would be given undue or preemptive weight by the jury. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1995). Here, however, the other-acts evidence was not just marginally probative, it was highly probative of defendant's motive. Accordingly, the trial court did not abuse its discretion in admitting this evidence.

III

Defendant next contends that rebuttal testimony introduced by the prosecutor was improper because it was offered to bring in new evidence to directly impeach defendant's denials elicited on cross-

examination and was merely collateral to the circumstances of the offense in question. *Westland v Okopski*, 208 Mich App 66, 71-72; 527 NW2d 780 (1994). Defendant did not object at trial to the testimony. Thus, this Court's review is limited to whether the alleged unpreserved error affected substantial rights. *People v Grant*, 445 Mich 535, 545; 520 NW2d 123 (1994).

As explained in *People v Leo*, 188 Mich App 417, 422; 470 NW2d 423 (1991):

> Rebuttal testimony may be used to contradict, repel, explain, or disprove evidence presented by the other party in an attempt to weaken and impeach it. The test for error regarding rebuttal evidence is whether it is justified by the evidence it is offered to rebut. A prosecutor cannot elicit a denial during the cross-examination of a defense witness and use such denial to inject a new issue into the case. Cross-examination cannot be used to revive a right to introduce evidence that could have been, but was not, introduced in the prosecutor's case in chief. [Citations omitted.]

Our review of the record shows that on direct examination, defendant made general denials of culpability. He also denied having a gun on the night in question. Defendant testified that he loaned the VCR to an individual, rather than selling it, and only retrieved it in order to re-loan it to yet another individual. A rebuttal witness contradicted defendant's direct testimony, testifying that defendant had sold the VCR to him, rather than loaning it, and wanted more money for it. The witness also stated that defendant did have a gun, which he waved around as he stated that he was taking the VCR.

The rebuttal testimony contradicted evidence presented by defendant on direct, not cross-

examination. While it is true that defendant continued the same general denials on cross-examination, the prosecutor did not elicit different denials from defendant and then rebut those fresh denials with the witness' testimony contrary to *Leo, supra.* The rebuttal testimony was offered for the proper purpose of contradicting or disproving evidence presented by defendant and reaffirmed the prosecution's theory of the case. In any event, the rebuttal testimony was cumulative to evidence presented in the prosecution's case in chief and therefore did not constitute the introduction of new evidence or issues into the case.

IV

Defendant also alleges that the trial court abused its discretion by failing to give, sua sponte, a cautionary instruction regarding the jury's proper consideration of evidence under MRE 404(b). In conjunction with this argument, defendant maintains that he was denied effective assistance of counsel because his attorney's failure to request this instruction was not sound trial strategy.

Defendant did not object or request an MRE 404(b) limiting instruction. Appellate review is therefore foreclosed absent manifest injustice. MCL 768.29; MSA 28.1052; *People v VanDorsten*, 441 Mich 540, 544-545; 494 NW2d 737 (1993); *People v Maleski*, 220 Mich App 518, 521; 560 NW2d 71 (1996). Manifest injustice occurs when an erroneous or omitted instruction pertained to a basic and controlling issue in the case. *People v Torres (On Remand)*, 222 Mich App 411, 423; 564 NW2d 149 (1997).

Contrary to defendant's assertion, the omitted instruction did not pertain to a basic and controlling

issue in this case. A trial court, *upon request*, may provide a limiting instruction for the proper use of MRE 404(b) evidence. *VanderVliet, supra* at 75. The failure to give such a limiting instruction, when requested, warrants reversal. *People v DerMartzex*, 390 Mich 410, 416-417; 213 NW2d 97 (1973). However, in the absence of a request or objection, the appellate courts have declined to impose a duty on trial courts to give sua sponte limiting instructions such as the one now suggested by defendant (CJI2d 4.11), even if such an instruction should have been given. *People v Chism*, 390 Mich 104, 120-121; 211 NW2d 193 (1973). As noted above, the MRE 404(b) evidence was properly admitted for the limited purpose of showing motive, and its probative value was not substantially outweighed by a danger of undue prejudice. We therefore find no manifest injustice under the present circumstances.

Defendant's related claim that he was denied effective assistance of counsel on the basis of the failure to request the limiting instruction is likewise without merit. A claim of ineffective assistance of counsel required the defendant to establish that (1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms, and (2) a reasonable probability exists that, but for counsel's unprofessional error, the outcome of the proceedings would have been different. *People v Pickens*, 446 Mich 298, 302-303, 312; 521 NW2d 797 (1994). A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy. *Stanaway, supra.*

Here, defendant has not overcome the presumption. Despite defendant's contention that the instruc-

tion could only have helped him, it may have been defense counsel's strategy to downplay defendant's prior conduct and the underlying purpose for offering such evidence–motive. Regardless, this Court will not second-guess counsel regarding matters of trial strategy, and even if defense counsel was ultimately mistaken, this Court will not assess counsel's competence with the benefit of hindsight. *People v Barnett*, 163 Mich App 331, 338; 414 NW2d 378 (1987). Moreover, in light of the overwhelming evidence of defendant's guilt in this case, we conclude that the outcome would not have been different even if defense counsel had requested the instruction. Accordingly, defendant was not denied effective assistance of counsel.

V

Defendant further contends that he is entitled to resentencing because the trial court allegedly did not consider the appropriate factors in imposing sentence, failed to tailor the sentences to defendant and his crimes, and imposed disproportionate sentences. We disagree.

This Court properly reviews a defendant's sentence for an abuse of discretion. *People v Cervantes*, 448 Mich 620, 626; 532 NW2d 831 (1995) (RILEY, J.). A sentence constitutes an abuse of discretion if it violates the principle of proportionality. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). The principle of proportionality embodies the precept that sentences imposed by a trial court must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* A sentencing court must articulate on the record the criteria considered and the reasons supporting its decision

regarding the length and nature of the sentence imposed. *People v Sandlin,* 179 Mich App 540, 542; 446 NW2d 301 (1989). The factors considered in imposing sentence should be balanced with the following objectives: (1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses. *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). However, there is no requirement that the trial court expressly mention each goal of sentencing when imposing sentence. *People v Johnson,* 173 Mich App 706, 709; 434 NW2d 218 (1988).

The record in this case shows that the trial court considered the severity and nature of the crime and the circumstances surrounding the criminal behavior, which are proper criteria for imposing sentence. *People v Ross,* 145 Mich App 483, 495; 378 NW2d 517 (1985). The trial court observed that defendant's crimes were "heinous," "cold-blooded," and "inexcusable." The trial court reasonably distinguished crimes of retaliation, noting that the murder in question was unprovoked. The trial court further noted that the crime did not cause defendant immediate shock or regret; instead, defendant turned instantly to the attempted elimination of a witness to the murder. The trial court's remarks belie defendant's contention that it did not consider the specific facts of defendant's case.

Defendant also complains that the trial court did not mention any information from the presentence investigation report (PSIR). However, the trial court did state on the record that it had read the necessary documents for sentencing, and, indeed, the trial court's comments and colloquy with the prosecutor

regarding defendant's prior record reflect that it was cognizant of the information contained in the PSIR in imposing sentence.

Contrary to defendant's final sentencing claim, the sentence he received was proportionate. *Milbourn, supra.* Because defendant was sentenced as an habitual offender, the sentencing guidelines do not apply. *People v Hansford (After Remand)*, 454 Mich 320, 323; 562 NW2d 460 (1997). Even if applicable, defendant's sentences would be presumptively proportionate since they fell within the guidelines. *People v Piotrowski*, 211 Mich App 527, 532; 536 NW2d 293 (1995).

Defendant's life sentences were warranted under the circumstances of the offense and the offender. Defendant had numerous prior felony convictions and, in the sixteen years spanned by his criminal record, the only significant lapses between his crimes were caused by his incarceration. In this case, defendant perpetrated an execution-style shooting of the victim and further attempted to kill the victim's brother but failed merely because he ran out of ammunition. Defendant exacerbated his actions by returning and attempting again to kill the victim's brother. Under these circumstances, the sentences imposed were proportionate to the circumstances surrounding defendant and the crimes he committed. *Milbourn, supra.* This Court therefore concludes that the trial court did not abuse its discretion in sentencing defendant.

VI

Defendant lastly suggests that he was denied a fair trial by the cumulative effect of the previously alleged errors. We disagree.

While it is possible that the cumulative effect of a number of errors may constitute error requiring reversal, *People v Dilling*, 222 Mich App 44, 56; 564 NW2d 56 (1997), "only actual errors are aggregated to determine their cumulative effect." *Bahoda, supra* at 292, n 64. Because this Court has determined that no actual errors occurred, we reject the merits of defendant's claim. *Maleski, supra* at 525.

Affirmed.