# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RYAN PAUL COOPER,

        Defendant-Appellant.

UNPUBLISHED
May 8, 2018

No. 336055
Clinton Circuit Court
LC No. 16-009598-FH

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Ryan Cooper, was convicted by a jury of second-degree criminal sexual conduct, MCL 750.520c. He was sentenced as a third-offense habitual offender, MCL 769.11, to 4 to 30 years' imprisonment. He appeals as of right claiming that his trial lawyer provided him with ineffective assistance. We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

Cooper was convicted of sexually assaulting a ten-year-old girl. The complainant testified that she and her mother were visiting her mother's boyfriend's apartment. Cooper, a friend of the mother's boyfriend, was at the apartment. The complainant testified that her mother and her mother's boyfriend eventually went to sleep in a bedroom while she stayed in the living room on the couch. The complainant stated that shortly after her mother left, Cooper came over to the couch, laid down behind her, reached his arm around her, placed his hand underneath her shorts and her panties, and began touching her vagina. She testified that she went to the bathroom to stop Cooper from touching her, but then returned to the couch. Cooper again reached under her pants and began touching her. The complainant went into the bedroom and told her mother that she was uncomfortable because Cooper was being "touchy." The complainant's mother allowed her to remain in the bedroom. Two days later, the complainant disclosed the abuse to several employees at her school, who referred the matter to Child Protective Services (CPS). The complainant was interviewed by a CPS investigator and a forensic interviewer for the Child Abuse Prevention Council of Shiawassee County. She also recounted to her mother what had happened. Cooper denied abusing the complainant, and at trial his lawyer highlighted inconsistencies in the complainant's statements.

-1-

The jury convicted Cooper of second-degree criminal sexual conduct. He moved for a new trial on the basis of ineffective assistance, asserting that his trial lawyer had provided ineffective assistance because he did not object to testimony by the investigating officer that he believed Cooper had inappropriately touched the complainant. The trial court held an evidentiary hearing, at which Cooper's lawyer testified that he made a strategic decision to not object to the officer's testimony, request a curative instruction, or seek a mistrial. Although the trial court determined that the testimony was improper, it found that because the lawyer's strategy was reasonable, he had not provided constitutionally deficient assistance to Cooper. In addition, the court found that the improper testimony did not prejudice the defense because it was not outcome determinative.

## II. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Cooper argues that his trial lawyer provided ineffective assistance by failing to object to testimony from the investigating officer that improperly bolstered the complainant's credibility, by failing to request a curative instruction in response to that testimony, or by failing to request a mistrial. Because an evidentiary hearing was held, the issue of ineffective assistance is preserved for appellate review. *People v Shaw*, 315 Mich App 668, 671; 892 NW2d 15 (2016). The question of whether a defendant received constitutionally effective assistance from his trial lawyer "is a mixed question of fact and law." *Id*. This Court reviews for clear error the trial court's findings of fact in this regard and reviews de novo questions of constitutional law. *Id*. at 671-672.

### B. ANALYSIS

In order to show that his lawyer provided ineffective assistance, the defendant bears the burden of establishing (1) that his lawyer's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that a reasonable probability exists that, without the deficient performance, the outcome of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "[T]his Court will not second-guess counsel regarding matters of trial strategy, and even if defense counsel was ultimately mistaken, this Court will not assess counsel's competence with the benefit of hindsight." *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999).

Here, the prosecution questioned the investigating officer about whether he came to a conclusion about what happened in the case, and the officer testified that based on the interviews and the investigation that he had done, he believed that Cooper "had inappropriately touched" the complainant. The parties and the trial court agree that this testimony was improper. See *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007) ("It is generally improper for a witness to comment or provide an opinion on the credibility of another witness, because credibility matters are to be determined by the jury.").

At the evidentiary hearing, Cooper's lawyer testified that he was aware of the error, but chose not to object or to request a curative instruction or a mistrial because the testimony was extremely brief, and an objection or request for a curative instruction would focus the jury's attention on testimony that they might otherwise fail to concentrate on. In addition, he explained that the defense intended to produce multiple witnesses who would cast doubt on the veracity of the complainant's testimony and the officer's conclusion. Finally, he decided not to move for a mistrial because the prosecution had failed to bring out damaging admissions made by Cooper to the investigating officer. Specifically, Cooper's lawyer was concerned that if a mistrial was declared, the prosecutor would elicit testimony that Cooper admitted to the investigating officer that he had been "cuddling" on the couch with the complainant—a ten-year-old girl he had just met. After hearing the testimony, the trial court found Cooper had failed to rebut the presumption that his lawyer's actions constituted reasonable trial strategy. Having reviewed the record, we agree that the failure to object, request a curative instruction, or request a mistrial was a matter of trial strategy, which we will not now second guess. See *Rice*, 235 Mich App at 445. Accordingly, we conclude that Cooper's lawyer's performance was not deficient.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien